Amy Lenhert (CA SBN #227717)
Sabrina Damast (CA SBN #305710 and NY SBN #5005251) (pro hac vice pending)
Law Office of Sabrina Damast, Inc.
510 West 6th Street, Suite 330
Los Angeles, CA 90014
Telephone: (323) 475-8716
Email: amy@sabrinadamast.com
sabrina@sabrinadamast.com

Steven Heller (NY SBN # 2463214) (pro hac vice pending)
Heller Immigration Law, PLLC
745 Fifth Avenue
New York, NY 10151
Telephone: (929) 384-9320
Email: sheller@us-visa.co.uk

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| Belqies Mohamed Ayed Alzoqari,<br>Margeri Mohamed Ayed Alzoqari,<br>Ayad Mohamed Ayed Alzoqari,<br>Reema Mohamed Ayed Alzoqari,<br>Fahmiah Mohamed Ayed Alzoqari,<br><br>    Plaintiffs,<br>       v.<br><br>UNITED STATES DEPARTMENT OF STATE; Marco Rubio, in his official capacity, U.S. Secretary of State; Alison Dilworth, in her official capacity, Charge d'Affaires ad interim, U.S. Embassy in Riyadh, Saudi Arabia<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT** |

## **INTRODUCTION**

1. Belqies Mohamed Ayad Alzoqari, Margeri Mohamad Ayed Alzoqari, Ayad Mohamed Ayad Alzoqari, Reema Mohamad Ayed Alzoqari, and Fahmiah Mohamed Ayad Alzoqari (hereinafter Plaintiffs) seek an order compelling Defendants to adjudicate their pending passport applications. Plaintiffs, who are natives of Yemen, acquired U.S. citizenship through their deceased father, Mohamed Ayed Alzoqari.

2. Plaintiffs first applied for passports at the U.S. embassy in Riyadh, Saudi Arabia, on November 22, 2022. See Exhibit A. At the conclusion of their interview, the embassy staff placed Plaintiffs' cases in administrative processing. See Exhibit B. On January 9, 2024, the embassy requested that Plaintiffs submit DNA evidence to verify their biological relationship to their father. See Exhibit C. On April 30, 2024, the embassy acknowledged that it had received the DNA test results. Id.

3. Since November 2022, Plaintiffs have repeatedly followed up with the embassy regarding the status of their passport applications and submitted any additional documents requested by the embassy. See Exhibit D. Plaintiffs also sought congressional assistance from Senator Charles Schumer's office. See Exhibit E.

4. To date, the embassy has not adjudicated Plaintiffs' passport

1

applications.

5. Three of Plaintiffs' siblings (Ayed Mohammed Ayed Alzoqari, Mosa Mohamed Ayed Alzoqari, and Abdurahman Mohamd Ayed Alzoqari) have previously been issued U.S passports, based on their relationship to their father.

6. Defendants' refusal to adjudicate Plaintiffs' passport applications is a violation of their mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. § 1361 (mandamus).

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity, and because there is no real property involved in this action.

## PARTIES

9. Plaintiff Belqies Mohamed Ayed Alzoqari is a U.S. citizen who resides in Yemen.

10. Plaintiff Margeri Mohamad Ayed Alzoqari is a U.S. citizen who resides in Yemen.

11. Plaintiff Ayad Mohamed Ayad Alzoqari is a U.S. citizen who resides in Yemen.

12. Plaintiff Reema Mohamad Ayed Alzoqari is a U.S. citizen who resides in Yemen.

13. Plaintiff Fahmiah Mohamed Ayad Alzoqari is a U.S. citizen who resides in Yemen.

14. Defendant Department of State is the agency responsible for adjudicating applications for passports.  It is also responsible for supervising U.S. embassies worldwide, including the U.S. embassy in Riyadh, Saudi Arabia.

15. Defendant Marco Rubio is sued in his official capacity as the Secretary of State.  In this capacity, he has responsibility for the administration of U.S. embassies worldwide and the issuance of passports to U.S. citizens residing abroad.

16. Defendant Alison Dilworth is the Charge d'Affaires ad interim for the U.S. embassy in Riyadh, Saudi Arabia.  In this capacity, she is responsible for processing passport applications for U.S. citizens pending with the Riyadh embassy.

## FACTUAL ALLEGATIONS

17. A child born outside of the United States to a U.S. citizen automatically acquires U.S. citizenship at birth if certain requirements are

met. See 8 U.S.C. § 1401(g); 8 U.S.C. § 1409.

18. Such a person, if residing abroad, can obtain proof of U.S. citizenship by applying for a passport at a U.S. embassy or other consular post. See 22 C.F.R. § 51.21(c).

19. Issuance of a passport is generally non-discretionary, and the Department of State may only deny a passport to a U.S. citizen under limited circumstances. See 22 C.F.R. § 51.60; see also e.g., Kent v. Dulles, 357 U.S. 116, 120 (1958) ("Since we start with an exercise by an American citizen of an activity included in constitutional protection, we will not readily infer that Congress gave the Secretary of State unbridled discretion to grant or withhold it.").

20. Plaintiffs have now been waiting nearly three years for a decision on their passport applications.

21. Accordingly, Plaintiffs ask this Court to require the agency to fulfill its non-discretionary obligation to adjudicate their passport applications.

## CAUSES OF ACTION

## COUNT ONE

## MANDAMUS

22. Plaintiffs incorporate the allegations in paragraphs 1-21 above as though fully set forth here.

4

23. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiffs. See 28 U.S.C. § 1361.

24. Defendants have a nondiscretionary duty to adjudicate Plaintiffs' passport applications.

25. Plaintiffs have no other adequate remedy available to them to compel Defendants to adjudicate the immigrant visa application.

## COUNT TWO

## ADMINISTRATIVE PROCEDURE ACT

26. Plaintiff incorporates the allegations in the paragraphs 1-21 above as though fully set forth here.

27. Pursuant to 5 U.S.C. § 706(1)(A), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

28. By failing to render decisions on Plaintiffs' passport applications, Defendants are violating the Administrative Procedure Act by unlawfully and unreasonably withholding agency action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to adjudicate Plaintiffs' passport applications within 30 days of the Court's order;

      (3)    Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

      (4)    Grant such further relief as the Court deems just and proper.

Dated: September 8, 2025

Respectfully submitted,

By: /s/ Amy Lenhert

Amy Lenhert (CA SBN# 227717
Sabrina Damast (CA SBN #305710 and NY SBN #5005251) (pro hac vice pending)
Law Office of Sabrina Damast, Inc.
510 West 6th Street, Suite 330
Los Angeles, CA 90014
Telephone: 323-475-8716
Email: amy@sabrinadamast.com

Steven Heller (NY SBN # 2463214)
(pro hac vice pending)
Heller Immigration Law, PLLC
745 Fifth Avenue
New York, NY 10151
Telephone: (929) 384-9320
Email: sheller@us-visa.co.uk

Counsel for Plaintiffs

# TABLE OF EXHIBITS

**Exhibit A:** Appointment Notices and Fee Receipts for Plaintiffs' Passport Applications

**Exhibit B:** Administrative Processing Notices

**Exhibit C:** DNA Request Sheet and Email Confirmation of Receipt of DNA Results

**Exhibit D:** Correspondence with U.S. Embassy in Riyadh, Saudi Arabia

**Exhibit E:** Email from Raissa Bellucci, Office of Senator Charles Schumer